UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MATTHEW DRUZBA, as Executor of the Estate of Cecile Druzba,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 2:22-cv-00019 |

## JURY CHARGE

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

### ROLE OF THE COURT, THE JURY, AND COUNSEL

Your first duty is to consider and decide the factual issues of this case. You are the sole and exclusive judges of the facts. By the rulings which I made during the course of the trial, I did not intend to indicate to you or to express my own views about this case. You weigh the evidence, you determine the credibility or believability of the witnesses, you resolve any conflicts there may be in the evidence, and you draw any reasonable inferences or conclusions that you believe are justified by the facts as you find them. In a moment, I will define the word "evidence" and instruct you on how to assess it, including how to judge whether the witnesses have been honest and should be believed.

Your second duty is to apply the law that I give you to the facts. Do not single out one instruction alone, but consider the instructions as a whole. You should not be concerned with whether you agree with any instruction given by the court. You may have a different opinion as to what the law ought to be, but it would be a violation of your sworn duty as jurors to base your verdict on any version of the law other than what is

contained in the instructions given by the court.

The lawyers may have referred to some of the governing rules of law in their arguments. However, if you find any differences between the law as stated by the lawyers and the law as stated by me in these instructions, you must follow my instructions. It is the lawyers' job to point out the things that are most significant or most helpful to their side of the case. But remember that their statements regarding the law are not evidence in this case.

In addition, nothing I say in these instructions should be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts; rather, that job is yours alone.

## SYMPATHY/PREJUDICE

Neither sympathy nor prejudice, for or against the parties, or any other person involved with this case, should influence you in any manner. Your deliberations should be fair, well-reasoned, and impartial. All parties expect that you will diligently examine all of the evidence, follow the law as it is now being given to you, and reach a just verdict regardless of the consequences.

## CORPORATION, ENTITY, OR INSTITUTION AS A PARTY

As you know, Defendant in this case, American Honda Motor Company, Incorporated, is a corporation. This should not affect how you view the case, however. You should consider the case to be an action between persons. A corporation is entitled to the same fair treatment and consideration that you would give a private individual. All persons, including corporations, are equal before the law.

## IMPORTANT CASE

This is an important case to the parties and the court. You should give it serious and fair consideration.

## ARGUMENTS/STATEMENTS/OBJECTIONS OF THE ATTORNEYS

The opening statements and closing arguments of the attorneys, their questions and objections, and all other statements that they made during the course of the trial are not evidence unless the statements are made under oath. The attorneys have a duty to

object to evidence that they believe is not admissible. You may not hold it against either side if they feel it is necessary to make an objection.

## NUMBER OF WITNESSES

The fact that one side may have called more witnesses than the other side is of no significance. Your task is to evaluate the credibility of the witnesses and to weigh all of the evidence.

## EVIDENCE IN THE CASE

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits admitted into evidence, regardless of which party presented the evidence. Any evidence to which an objection was sustained or stricken by the court must be disregarded.

## EVIDENCE – DIRECT OR CIRCUMSTANTIAL

There are two types of evidence from which you may find the facts of this case: direct and circumstantial evidence. Direct evidence is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness, or the exhibits in the trial. Circumstantial evidence is proof of a chain of facts and circumstances tending to prove or disprove an issue in the case.

For example, if a witness were to testify that he or she had seen cows in a field, that would be an example of direct evidence that there were cows in a field. On the other hand, if a witness were to testify that he or she had seen fresh cow tracks in the field, that would be an example of circumstantial evidence that there had been cows in the field.

The law does not require a party to prove its claims or defenses by direct evidence alone; that is, by testimony of an eyewitness. One or more of the essential elements, or all of the essential elements, may be established by reasonable inference from other facts that are established by direct testimony. Circumstantial evidence may alone be sufficient to prove a claim or defense.

The law makes no distinction between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should consider all the evidence in the case and give it such weight as you think it deserves.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You are the sole judges of the credibility of the witnesses, and the weight to give their testimony is up to you.

In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the witness's memory; his or her demeanor while testifying; the reasonableness of his or her testimony, considered in light of all of the evidence in the case; and any other factors that bear on reliability. Consider also the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. It is your duty to reconcile conflicting testimony if you can do so.

In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You may give the testimony of each witness such weight, if any, you think it deserves. You may believe all of the testimony of any witness, you may believe it in part and disbelieve it in part, or you may reject it altogether. You do not have to accept the testimony of any witness, even if it is uncontradicted. It is for you to say what you will believe and what you will disbelieve.

## EXPERT WITNESSES

You have heard testimony from witnesses who are known as expert witnesses. An expert witness is a person who has special knowledge, experience, training, or education about a particular subject. Because of this expertise, an expert witness may offer opinions about one or more of the issues in this case. In considering an expert witness's testimony, you should evaluate his or her credibility and statements just as you would with any other witness, giving the testimony as much weight as you think it deserves. You should also

4

evaluate whether the expert's opinion is supported by the other evidence in the case; whether the reasons given by the expert in support of his or her opinion make sense; and whether the opinion is supported by the expert's knowledge, experience, training, or education. You are not required to give the testimony of an expert any greater weight than you believe it deserves just because the witness has been referred to as an expert.

### BIAS OF WITNESSES

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. It is your duty to consider whether the witness has permitted any such bias to color his or her testimony. If you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

### INTEREST IN THE OUTCOME

As a general matter, in evaluating the credibility of each witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it only with great care.

This is not to suggest that any witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

### PRIOR INCONSISTENT STATEMENTS

You have heard the testimony of certain witnesses. You have also heard that before this trial they may have made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether they were different from the witness's testimony in this trial. If you decide that, before the trial, a witness made a statement that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether

5

his or her testimony here in court was true and what weight, if any, to give his or her testimony here in court.

### PRIOR TESTIMONY UNDER OATH

You heard evidence in this case which consists of testimony under oath in a prior proceeding or deposition. You may consider this as evidence in this case on the same basis as you would consider testimony from a person called as a witness in court.

### WITNESS TESTIMONY PRESENTED BY VIDEOTAPED DEPOSITION

A deposition is the sworn testimony of a witness taken before a trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider videotaped deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

### SPECIALIZED KNOWLEDGE AND PERSONAL EXPERIENCE OF JURORS

In deliberating upon your verdict, you are not expected to put aside your common sense or your own observations or experience of the general affairs of life. However, a juror having special knowledge of a subject may neither state this knowledge to fellow jurors nor act upon it himself or herself in arriving at a verdict. You must not tell your fellow jurors about matters which are based on special knowledge concerning an issue in the case that did not come from the evidence received in the courtroom.

### BURDEN OF PROOF – PREPONDERANCE OF EVIDENCE

In this civil case, Plaintiff has the burden of proving each essential element of his claims by a preponderance of the evidence. The party who has the burden must present the more convincing evidence. To "establish by a preponderance of the evidence" means to prove that something is more likely than not. In other words, a preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more persuasive force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a fact, claim, or defense has been proven by a preponderance of the evidence, you may consider the testimony of witnesses, regardless of who may have called them, and the exhibits in evidence, regardless of who may have produced or introduced them. You may also consider any stipulations the parties may have entered into. No proof of absolute certainty is required. The bringing of this lawsuit does not raise any presumption or inference.

### INSTRUCTIONS ON THE SUBSTANTIVE LAW OF THE CASE

Having explained the general guidelines by which you will evaluate the evidence in this case, I will now instruct you with regard to the law that is applicable to your determinations in this case.

Plaintiff alleges that Honda defectively designed the 2013 Honda Accord under the legal theories of strict liability and negligence. He claims the defective design caused Cecile Druzba's death. Honda denies these claims. Each is a separate and distinct theory of recovery requiring proof of different elements.

## CLAIM 1: STRICT LIABILITY

Plaintiff alleges that the 2013 Honda Accord driven by Cecile Druzba was defective, unreasonably dangerous, and caused Cecile Druzba's death because the structure of the vehicle was insufficient to protect her during a reasonably foreseeable crash. Specifically, Plaintiff alleges that the forward and outboard vehicle structure of the Honda Accord failed to absorb and deflect the Subaru Impreza before it reached the occupant compartment, and that the safety cage failed to adequately maintain survival space inside the occupant compartment.

In order to prevail upon his claim of strict liability against Honda, Plaintiff must prove by a preponderance of the evidence each of the following elements:

1. The 2013 Honda Accord was in a defective condition when manufactured and sold by Honda;

2. A defect, if any, made the 2013 Honda Accord unreasonably dangerous to

7

users such as Cecile Druzba;

3. The 2013 Honda Accord was in substantially the same condition at the time of the accident as it was when it left the hands of Honda; and

4. A defect, if any, in the 2013 Honda Accord was a direct and proximate cause of Cecile Druzba's death.

## **DESIGN DEFECT/UNREASONABLY DANGEROUS**

Plaintiff must prove by a preponderance of the evidence that there was a defect in the 2013 Honda Accord when it was sold by Honda. A product is defective when, at the time it is sold, it has a design defect. A defective product is one that is more dangerous than an ordinary consumer, with the ordinary knowledge common in the community about the characteristics of such a product, would expect.

In cases involving allegedly defective, unreasonably dangerous products, a defendant, such as Honda, may be liable even though you may find that Honda was not negligent and exercised all reasonable care in the design, manufacture, and sale of the 2013 Honda Accord. Correspondingly, under strict products liability law, a defendant may not be liable even if you find that it did not exercise all reasonable care in designing a product.

A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it. Honda is not required to guarantee that no one will be hurt using the 2013 Honda Accord. There is no absolute liability and no duty to produce a product that is "accident-proof." What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions.

To decide whether the 2013 Honda Accord was defective, you may consider but are not limited to considering the following:

- The purpose of the product;
- The product's usefulness and effectiveness;
- The likelihood of injury from its ordinary use;
- The nature and severity of likely injury;
- The obviousness of the danger in the ordinary use of the product;

8

- The ability to eliminate the danger without making the product less useful or creating other risks to the user;
- The cost of any alternative design; and
- The likelihood of consumer acceptance of the product with an alternative design.

## CRASHWORTHINESS

In determining whether the 2013 Honda Accord was defectively designed and unreasonably dangerous, you may also consider the vehicle's crashworthiness. "Crashworthiness" is the protection that a motor vehicle provides drivers and passengers against injury in the event of an accident. Since accidents are a foreseeable part of motor vehicle use, manufacturers have a legal duty to design cars that are crashworthy, in other words, vehicles that provide a reasonable degree of safety protection in the event of an accident. Under Vermont law, a product is defective if it fails to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

## ALTERNATIVE DESIGNS

Evidence of alternative designs available in 2013 that, had they been adopted, would have prevented or reduced Cecile Druzba's fatal injuries is one factor to consider in determining if the 2013 Honda Accord was unreasonably dangerous. It is not enough for Plaintiff to show that Honda might have designed a safer product; if the 2013 Honda Accord as designed was safe for ordinary use, then it was not defectively designed.

In evaluating the adequacy of the design in guarding against unreasonable risks, you should consider the gravity of the danger posed by the product's design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, and the adverse consequences to the product and to the consumer that would result from an alternative design. Another relevant factor in determining whether an alternative design was feasible at the time of manufacture is the manufacturer's ability to eliminate or reduce the allegedly unsafe character of the product without impairing its usefulness.

9

## INDUSTRY PRACTICE AND GOVERNMENT STANDARDS

You heard testimony about the 2013 Honda Accord's performance in tests performed by the National Highway Transportation Safety Administration ("NHTSA") and Insurance Institute for Highway Safety ("IIHS"). You may consider standard industry practice at the time of the 2013 Honda Accord's design and manufacture. However, such compliance is not conclusive. Evidence of industry custom and practice is relevant to the determination of the product's design. Similarly, you have heard testimony regarding the 2013 Honda Accord's compliance with Federal Motor Vehicle Safety Standards ("FMVSS"). Again, compliance with these standards is not conclusive evidence that a product was or was not safely designed or defective. The 2013 Honda Accord's compliance with federal standards is one piece of evidence that you may consider along with all of the other evidence presented on the issue of the 2013 Honda Accord's allegedly defective design.

## CAUSATION

You must decide whether Cecile Druzba's fatal injuries were directly and proximately caused by Honda.

A defendant's design defect is the "direct cause" of an injury if the injury would not have occurred without the defendant's design defect. In other words, Plaintiff must prove that but for Honda's design defect, Cecile Druzba would not have incurred fatal injuries.

Plaintiff must also prove that Honda's design defect was a "proximate cause" of Cecile Druzba's death. Proximate cause is a cause which results in an injury in a natural and continuous sequence, unbroken by any other intervening cause, and it is a cause without which the result would not have occurred.

This does not mean that the design defect must be the only cause. On the contrary, many facts or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage, and in such a case each may be a proximate cause. Plaintiff therefore is required to show by a preponderance of

the evidence that Honda's design defect was a proximate cause of Cecile Druzba's death, but he is not required to show that it was the only proximate cause.

If you find that Plaintiff has proven that the 2013 Honda Accord had an unreasonably dangerous defect, and that the defect was a proximate cause of Cecile Druzba's death, you must determine the amount of damages, if any, for Plaintiff's strict liability claim.

If you find that Plaintiff has not proven that the 2013 Honda Accord had an unreasonably dangerous defect or if you decide that any such defect was not the cause of Cecile Druzba's death, you will not consider the issue of damages for this claim and you shall enter a verdict for Honda on Plaintiff's strict liability claim.

## CLAIM 2: NEGLIGENCE

I will now provide you with instructions governing Plaintiff's claim that Honda was negligent. Negligence is the breach of a legal duty owed by Honda to Cecile Druzba that caused her fatal injuries. In order to prove this claim, Plaintiff must prove by a preponderance of the evidence each of the following essential elements:

1. Honda owed Cecile Druzba a duty to exercise reasonable care;
2. Honda breached that duty;
3. Cecile Druzba suffered fatal injuries; and
4. Honda's negligence directly and proximately caused Cecile Druzba's fatal injuries.

### DUTY OF CARE AND BREACH

Duty, as it is understood in the law, means a legal obligation to do or not do some act, depending on the particular circumstances of the case. You must determine whether Plaintiff has shown, by a preponderance of the evidence, that Honda owed Cecile Druzba a duty.

Reasonable care means the care that reasonably prudent persons use in conducting their own affairs to avoid injury to themselves, their property, or the persons or property of others. Reasonable care is not the greatest possible care, such as might be employed by an unusually cautious person. Rather, a person must exercise the same care a reasonable

11

person would have exercised, given all the circumstances existing at the time and place of the incident.

In determining whether Honda was negligent, you may consider the evidence concerning industry customs or safety practices. However, you may find that an industry custom or a safety practice does not reflect the level of care of a reasonably prudent person and that Honda was negligent even if Honda followed a custom or safety practice. Moreover, even if you find Honda failed to comply with a safety practice or did not take customary precautions, such a failure does not require a finding of negligence.

If you find that Honda did not owe a duty of care to Cecile Druzba or that Honda did not breach that duty of care, then you must enter a verdict for Honda on Plaintiff's negligence claim. If, however, you find that Plaintiff has proven these first two essential elements by a preponderance of the evidence, you must next consider whether Plaintiff has proven that the breach caused Cecile Druzba's death.

## CAUSATION

You must decide whether Cecile Druzba's fatal injuries were directly and proximately caused by Honda.

A defendant's failure to exercise reasonable care is the "direct cause" of an injury if the injury would not have occurred without the defendant's failure to exercise reasonable care. In other words, Plaintiff must prove that but for Honda's failure to exercise reasonable care, Cecile Druzba would not have incurred fatal injuries.

Plaintiff must also prove that Honda's negligence was a "proximate cause" of Cecile Druzba's death. Proximate cause is a cause which results in an injury in a natural and continuous sequence, unbroken by any other intervening cause, and it is a cause without which the result would not have occurred.

This does not mean that the act or failure to act must be the only cause. On the contrary, many facts or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage, and in such a case each may be a proximate cause. Plaintiff therefore is required to show by a preponderance of the evidence that Honda's negligence was a proximate cause of Cecile

Druzba's fatal injuries, but he is not required to show that it was the only proximate cause.

If Cecile Druzba's death was not caused by Honda, or if the fatal injuries would have occurred regardless of whether Honda breached a duty of care, Plaintiff has failed to prove causation. If you find that Plaintiff has not established causation by a preponderance of the evidence, you must enter a verdict for Honda on Plaintiff's negligence claim, and you must not consider Plaintiff's damages. If you find that Plaintiff has established causation, and all of the other essential elements of his negligence claim by a preponderance of the evidence, then you must consider the issue of damages.

## WRONGFUL DEATH DAMAGES

The fact that I am instructing you on the issue of damages should not be considered as the court's opinion that any party has established any of its claims or defenses. That is solely for you to decide.

Plaintiff must prove by a preponderance of the evidence that he actually sustained damages and that the damages were directly and proximately caused by Honda's conduct.

When the death of a person is caused by a wrongful act of another, the deceased person's next of kin is entitled to compensation from the responsible party. That is the type of claim made in this case. Plaintiff represents the next of kin, which also includes Cecile Druzba's children Sierra Kennedy, Cole Druzba, and Madison Druzba. If you find for Plaintiff, you should consider the following in awarding damages for this claim:

Whether Plaintiff should receive compensation for reasonable medical expenses and reasonable funeral expenses as a result of Cecile Druzba's injury and death.

Whether Plaintiff should receive compensation for the loss of Cecile Druzba's income that would have benefited her next of kin, and other household support services provided by Cecile Druzba that would have benefited her next of kin to the present and in the future if she had not died.

Whether Plaintiff should receive compensation for the lost tuition benefits that would have benefited Cecile Druzba's next of kin.

Whether Plaintiff and Cecile Druzba's next of kin should receive compensation for the loss of her love and companionship, including the loss of care, nurture, and protection, and the loss of the husband-wife and parent-child relationship including grief and mental anguish.

You should make sure that any amount awarded to Plaintiff is fair to the parties in this case in light of the evidence you have heard, and you should award Plaintiff a sum in damages that you believe will fairly, adequately, and reasonably compensate him and Cecile Druzba's next of kin for the injuries they suffered based upon the facts and circumstances proven by the evidence. You may consider the physical, emotional, and psychological relationship between Cecile Druzba and her next of kin, the living arrangements of the family, the harmony of family relations, and their shared interests and activities.

The basic principle of damages is that an injured person may recover full, just, and adequate compensation for all injuries and losses caused by a defendant. The purpose of awarding damages is to put the injured party or parties in the position he, or she, or they, would have been if the wrong had not occurred.

It is never the purpose of compensatory damages to punish a defendant or to reward a plaintiff. A verdict form will be provided that will help you work through these questions during your deliberations.

### PRESENT VALUE OF FUTURE EARNINGS LOSS

In this case, the alleged future earnings losses have been reduced to present value. As a result, you need not do that.

### LIFE EXPECTANCY

Life expectancy is merely an estimate of the probable average remaining length of life of persons in the United States of a given age and sex. The inference which may reasonably be drawn from life expectancy applies only to one who has the average health and exposure to danger of people of that age and sex. In determining the reasonably certain life expectancy of Cecile Druzba, you should also consider all other facts and circumstances in evidence in the case bearing upon the life expectancy of Cecile Druzba,

including her past occupation, habits, health record, and state of health.

## PROVING SPECIFIC AMOUNTS FOR DAMAGES

Because some of Plaintiff's claims for damages are economic, Plaintiff must prove these economic damages to your satisfaction in dollars and cents. However, when there is no specific dollar amount, such as loss of love and companionship, then Plaintiff does not have to prove the exact dollar amount of his injury.

You may not, however, award damages that are speculative or merely possible in nature.

## NO DUPLICATE RECOVERY

You should be careful not to award damages for one item that duplicates an award for another item. In other words, a party is only entitled to one recovery for his or her damages.

Your award in all respects must be fair and reasonable in light of all the evidence that you find worthy of belief and all the reasonable inferences to be drawn from such evidence.

## INCOME TAXES AND INTEREST

If you find for Plaintiff and award damages, you must not consider any effect of federal or state income tax in deciding the amount of the damages award. If you find for Plaintiff and award damages, you must not calculate interest as part of the damages award.

## COURT COSTS AND ATTORNEY'S FEES

If you find Plaintiff is entitled to any damages, you must not include in your award any sum for costs or attorney's fees. These are matters for the court.

## CONCLUDING INSTRUCTIONS

## JURY DELIBERATIONS/UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror. In order to return a verdict, you must all agree.

Your verdict must be unanimous.

You must consult with one another. You must try to reach an agreement if you can

do so without sacrificing your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. Do not hesitate to re-examine your views and change your opinions if you are convinced they are wrong. But do not surrender your honest opinion as to the weight or effect of evidence solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

If you need to communicate with me, you should send a note through the Court Officer, signed by your foreperson. You must not discuss with the court or with any other person what is said in deliberations, and any note you send to the court must not include this information. In other words, you may ask the court questions, but, in doing so, you must not reveal what the jurors are thinking or saying. You must not tell anyone how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict and you have been discharged. Even then you need not speak to anyone about this case unless you want to.

When you have reached a verdict, tell the Court Officer that you have reached a verdict, but do not tell the Court Officer what the verdict is. You will then be brought into the courtroom, where I shall ask you if you have reached a verdict and, if you have, what it is.

### **JUROR NOTE-TAKING**

During the trial, you have been provided with pen and paper, and some of you have taken notes. As I explained at the beginning of the trial, all jurors should be given equal attention during the deliberations regardless of whether or not they have taken notes. Any notes you have taken may only be used to refresh your memory during deliberations. You may not use your notes as authority to persuade your fellow jurors as to what a witness did or did not say. In your deliberations you must rely upon your collective memory of the evidence in deciding the facts of the case.

### **READ-BACK OF EVIDENCE**

If there is any difference between your memory of the evidence and your notes, you may ask that the record of the proceedings be read back. If a difference still exists,

the record must prevail over your notes. I will now describe the process for a read-back.

    1.      Write out your question, and have the foreperson sign it;

    2.      Knock on the door of the jury room; and

    3.      Deliver your note to the Court Officer, to give to me.

After the attorneys have been consulted, and the record has been reviewed, I shall decide what action to take. I will tell you my ruling.

### SELECTION AND DUTIES OF A FOREPERSON

I select ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to act as your foreperson. The foreperson acts as a chairperson or moderator. It is your duty to see that discussions are carried out in a sensible and orderly manner and to see that the issues submitted for the jury's decision are fully and fairly discussed, and that every juror has a chance to say what he or she thinks upon every question. When ballots should be taken, you will see that it is done. You will act as the jury's spokesperson in the courtroom. In all other respects, the foreperson is the same as every other juror. His or her vote or opinions do not count more or less than those of his or her fellow jurors.

Members of the jury, you may now take the case and retire to begin your deliberations.

Dated at Burlington, in the District of Vermont, this 16th day of July, 2024.

                                                        Christina Reiss, District Judge
                                                        United States District Court